JAMES E. BOWEN, Collector of Taxes of the Town of Lincoln, *vs.*
GEORGE W. NEWELL, City Treasurer of the City of Pawtucket.

A statute empowered town councils to grant to any person or corporation the right of laying
water pipes under the highways, and to consent to the construction and maintenance of
reservoirs in their towns, "for such time and upon such terms and conditions as they may
deem proper, including therein the power and authority to exempt such pipes and reser-
voirs, and the land and works connected therewith, from taxation."

*Held,* that the power to exempt from taxation was a power to give such exemption as one
of the terms of the grant or consent.

*Held,* further, that the statute did not authorize the exemption from taxation of pipes
already laid and reservoirs already constructed.

ASSUMPSIT.    Heard by the court on an agreed statement of
facts, jury trial being waived.

Pub. Laws R. I. cap. 425, of May 2, 1884, provides:

" The town council of any town, or the city council of any city,
may grant to any person or corporation the right to lay water
pipes in any of the public highways of such town or city for the
supplying the inhabitants of such town or city with water ; and
may consent to the erection, construction, and the right to main-
tain a reservoir or reservoirs within said town or city, for such
time and upon such terms and conditions as they may deem proper,
including therein the power and authority to exempt such pipes
and reservoirs, and the land and works connected therewith, from
taxation."

September 2, 1886, the town council of the town of Lincoln,
acting under the authority of the above chapter, adopted the fol-
lowing vote : " Voted, that the pipes, reservoirs, land, and works
of the city of Pawtucket, forming part of or connected with the
water works of said city, and lying or being within the territorial
limits of the town of Lincoln, be and the same are hereby exempted
from taxation."

The pipes had been laid and the reservoirs and works alluded
to constructed before this vote was adopted.    Notwithstanding
this vote, the assessors of taxes of the town of Lincoln assessed
a tax on the pipes, reservoirs, and works spoken of.    The city
of Pawtucket refused to pay it, and this action was brought to

collect it.   The writ is dated March 5, 1887.   The tax was assessed September 8, 1886.

*May* 25, 1888.   PER CURIAM.   We think the power to exempt from taxation which is given to the town councils of the several towns by Pub. Laws R. I. cap. 425, § 1, of May 2, 1884, is not an independent power, but a power which, if exercised, must be exercised along with the other powers there conferred. Power is given to the town councils severally to grant to any person or corporation the right to lay water pipes in the public highways of their respective towns for the purpose of supplying the inhabitants with water; and also to consent to the erection, construction, and the right to maintain a reservoir or reservoirs within their respective towns, and to make such grant and give such consent " for such time and upon such terms as they may deem proper, including therein the power and authority to exempt such pipes and reservoirs, and the land and works connected therewith."   The words " including therein " must mean that the power to grant and consent as aforesaid is intended to include a power to concede the exemption as one of the terms of the grant or consent.   Evidently the purpose was to enable a town council to allow the exemption as an inducement to the establishment of water works in the town, or to the conduction of water from elsewhere through the pipes into the town.   It was not the purpose to enable a town council to grant the exemption as a mere gratuity.

According to the agreed statement of facts, the pipes here were laid before the vote to exempt was adopted, and consequently the vote was not within the power.            *Judgment for plaintiff.*

*William W. Blodgett*, for plaintiff.

*Thomas P. Barnefield*, for defendant.